1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   VINCENT F. ALEXANDER, Florida State Bar No. 68114
2  110 SE 6th Street, Suite 2600
   Fort Lauderdale, Florida 33301
3  Tel.: 954-728-1280
   Fax: 954-728-1282
4  E-mail: Vincent.Alexander@lewisbrisbois.com

5  Attorneys for Defendant,
   THE MCCLATCHY COMPANY, LLC

6

7

> FILED BY _____ D.C.
>
> NOV 18 2022
>
> ANGELA E. NOBLE
> CLERK U.S. DIST. CT.
> S.D. OF FLA. – W.P.B.

8              UNITED STATES DISTRICT COURT

9      SOUTHERN DISTRICT OF FLORIDA – WEST PALM BEACH DIVISION

10

11  ROBERT KELLY, ERYN LEARNED, and      Case No.   22-mc-81814-AMC
    KERRY WANO, on behalf of themselves and
12  all others similarly situated,        **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT OF**
13              Plaintiff,                **DEFENDANT THE MCCLATCHY**
                                          **COMPANY, LLC'S MOTION TO QUASH**
14       vs.                              **SUBPOENA TO BISCAYNE**
                                          **MARKETING, INC.**
15  THE MCCLATCHY COMPANY, LLC, a
    Delaware Corporation,                 **Date:**
16                                        **Time:**
               Defendant.                 **Crtm:**
17

18

19

20

21

22

23

24

25

26

27

28

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4866-8756-5116.1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION..................................................................................................1

II.     STANDARD ON MOTIONS TO QUASH ........................................................2

III.    PROCEDURAL POSTURE OF THIS ACTION ...............................................3

IV.     PLAINTIFFS' CALL RECORDS ......................................................................4

V.      JCK LEGACY COMPANY IS NOT A PARTY TO THE ACTION AND
        MCCLATCHY HAS NO SUCCESSOR LIABILITY FOR THE ALLEGED
        UNLAWFUL ACTS OF JCK LEGACY COMPANY..........................................5

VI.     ARGUMENT ......................................................................................................5

        A.    Defendant McClatchy's Motion to Quash Relates Back to the Date of the
              Original Filing. ........................................................................................6

        B.    Information Sought By The Subpoena Can Be Obtained From Plaintiffs'
              Carriers. ....................................................................................................6

        C.    Even Though JCK Legacy Company Is Not A Party, Information About It
              Can Be Obtained From JCK Legacy Company's Bankruptcy Case. ..........7

        D.    The Subpoena To Biscayne Marketing, Inc. is Impermissibly Overbroad. ...............7

        E.    The Subpoena To Biscayne Marketing, Inc. Would Be Unduly
              Burdensome..............................................................................................8

        F.    The Subpoena To Biscayne Marketing, Inc. is Premature. ........................9

VII.    CONCLUSION ...................................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## I.    **INTRODUCTION**

Plaintiffs have issued a Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in A Civil Action ("Subpoena") to (1) Biscayne Marketing, Inc.; (2) A Marketing Resource, LLC; (3) Localis, LLC; (4) Inka Solutions, Inc.; and (5) Alorica, Inc. (collectively, the "Third Parties"), attempting to compel them to produce a broad spectrum of business records and ESI related to their business relationship with The McClatchy Company, LLC ("McClatchy") and its predecessor, JCK Legacy Company and its subsidiary publications (collectively, the "Debtor McClatchy" or "JCK Legacy Company"). *See* Declaration of Amy L. Pierce in Support of Defendant The McClatchy Company, LLC's Motion to Quash Subpoena to Biscayne Marketing, Inc. ("Pierce Decl.") ¶ 2 & Ex. A. These Subpoenas seek documents and ESI contrary to the limits of Federal Rules of Civil Procedure 26 and 45. The Subpoenas seek to impose the impermissible burden on the Third Parties to respond to premature, overbroad, burdensome and expensive discovery even though they are not parties to this Action. On October 24, 2022, our office sent an e-mail to Plaintiffs' counsel Anthony Paronich that informed him that Defendant plans to move to quash Plaintiffs' subpoenas to McClatchy's vendors. In that e-mail, our office notified Mr. Paronich that Defendant's Motion to Quash is due for filing on October 26, 2022, and invited him to meet and confer before the filing.  Pierce Decl. ¶ 7 & Ex. E. As of 12:00 p.m. on October 26, 2022, our office received no response. *Id.* Defendant McClatchy filed its Motion to Quash Plaintiffs' Subpoenas on October 26, 2022 before the Eastern District of California, United States District Court. Pierce Decl. ¶ 8 & Ex. F.

On October 27, 2022, Plaintiffs' counsel contacted counsel for Defendant McClatchy and notified them that Defendant McClatchy's Motion to Quash was not filed pursuant to Rule 45 of the Federal Rules of Civil Procedure, which requires motions to quash to be filed in the court in which subpoena compliance is required. Pierce Decl. ¶ 9 & Ex. G.  Plaintiffs and Defendant have since requested a conference with the Magistrate Judge assigned for discovery disputes.  Pierce Decl. ¶ 10 & Ex. G.

Regardless, Plaintiffs' subpoena to Biscayne Marketing, Inc. remains premature, overbroad, and unnecessarily burdensome. On these bases, McClatchy moves this Court for an order quashing

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the Subpoena to Biscayne Marketing, Inc. pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i) and 45(d)(3)(A)(iv). For the reasons set forth below, McClatchy respectfully requests that the Court grant the instant Motion and quash the Subpoena to Biscayne Marketing, Inc.

## II.    STANDARD ON MOTIONS TO QUASH

Rule 45 of the Federal Rules of Civil Procedure requires the court for the district where compliance is required to quash the subpoena. Fed. R. Civ. P. 45(d)(3)(A). Federal Rule of Civil Procedure 45(d)(1) requires Plaintiffs to, "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(3) governs the procedure for quashing subpoenas that exceed the scope of Federal Rules of Civil Procedure 45. Rule 45(d)(3)(A)(iii) requires the Court to quash a subpoena where the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

Otherwise, Federal Rule of Civil Procedure 26 limits Plaintiffs rights to discovery to,

> "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

"The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)." *Genus Lifesciences v. Lannett Co.*, No. 18-cv-07603-WHO, 2019 WL 7313047, at *5 (N.D. Cal. Dec. 30, 2019), quoting *Sullivan v. Personalized Media Commc'ns, LLC*, No. 16-mc-80183-MEJ, 2016 WL 5109994, at *2 (N.D. Cal. Sept. 21, 2016).

The Court is required to limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Genus Lifesciences*, 2019 WL 7313047, at *5, citing Fed. R. Civ. P. 26(b)(2)(c)(i). "On a Rule 45 motion to quash a subpoena, the moving party has the burden of persuasion, but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Genus Lifesciences*, 2019 WL 7313047, at *5, quoting *Pers. Audio LLC v. Togi Entm't, Inc.*, No. 14-MC-80025 RS (NC), 2014 WL 1318921, at *2 (N.D. Cal. Mar. 31, 2014). The Court may otherwise properly grant McClatchy's Motion because Plaintiffs have failed to attempt

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-8756-5116.1                                    2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

1   to obtain the documents and ESI from other sources. *See Genus Lifesciences*, 2019 WL 7313047, at

2   *5, citing *Ow v. United States*, No. 17-CV-00733-SK, 2018 WL 6267839, at *1 (N.D. Cal. June 12,

3   2018) (granting in part motion to quash subpoena for documents that plaintiffs could have obtained

4   directly from defendant).

5           McClatchy has standing to bring this Motion because it has a "personal right or privilege in

6   the information sought by the subpoena." *See Singletary v. Sterling Transp. Co., Inc.*, 289 F.R.D.

7   237, 239 (E.D. Va. 2012) (quoting *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005)).

8   A party has standing to challenge a subpoena to a non-party when the party may claim privilege or

9   protection in the documents being sought. See 9A Wright, Miller, Kane & Marcus, Federal Practice

10  & Procedure § 2459 (3d ed. 2012). And, Rule 45(c)(3)(B)(i) states that "[t]o protect a person . . .

11  affected by a subpoena, the . . . court may, on motion, quash or modify the subpoena if it requires:

12  (i) disclosing a trade secret or other confidential research, development, or commercial

13  information." *See also In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.* (S.D.W.Va.

14  2012) 287 F.R.D. 377, 382 (finding that a party who asserted that production would result in

15  disclosure of "confidential and proprietary documents" had standing to file a motion to quash). The

16  Subpoenas seek information collected and maintained by the Third Parties as part of their business

17  relationship with McClatchy and, therefore, McClatchy has the right to protect against the

18  disclosure of this information pursuant to an improper subpoena.

19  **III.    PROCEDURAL POSTURE OF THIS ACTION**

20          On September 23, 2022, McClatchy filed a Motion to Dismiss (ECF 66) and Motion to Strike

21  (ECF 67). These Motions have been fully briefed and remain pending. Otherwise, in connection

22  with Plaintiffs' amendment of their Complaint (ECF 1), the Parties stipulated to Plaintiffs filing

23  their First Amended Complaint ("FAC") (ECF 51, 53) and, moreover, stipulated to an extension of

24  the due date of McClatchy's responses to Plaintiffs' written discovery to "30 days after our answer

25  or 30 days after the Court rules on the motion[s]" (*see* Pierce Decl. ¶ 3 & Ex. B).

26          Material to these Motions, McClatchy seeks to dismiss Plaintiffs claims and otherwise seeks

27  to dismiss and strike the class allegations. The Ninth Circuit's recent decision in *Bowerman v. Field

28  Asset Serv., Inc.*, 39 F.4th 652 (9th Circ. 2022), confirms that an Action like this one is not suitable

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-8756-5116.1                                    3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

1  for class resolution because proving that each class member has Article III standing would be

2  "excessively difficult," requiring an extensive analysis of each and every putative class member's

3  relationship with McClatchy. *See Bowerman*, 39 F.4th at 661-63; *Duran v. U.S. Bank Nat'l Ass'n*,

4  19 Cal.App.56 630, 633 (2018) ("plaintiffs failed to demonstrate that the case is manageable as a

5  class action"); *compare to* FAC ¶ 123. Even if the Court were not to grant these Motions, under

6  Bowerman, given the nature of the claims in this Action, it is inconceivable that Plaintiffs will be

7  able to maintain this Action as a class action. *See Id.*

8  **IV.    PLAINTIFFS' CALL RECORDS**

9         Plaintiffs' Complaint and FAC are premised on allegedly unlawful calls by McClatchy to

10  Plaintiffs' phone numbers. *See, generally*, ECF 53. After McClatchy confirmed that many of the

11  allegations in the FAC appear to be false because no such unlawful calls are reflected in McClatchy's

12  or the Third Parties' Business Records, Plaintiffs confirmed that they would subpoena Plaintiffs'

13  call records from their carriers. *See* Pierce Decl. ¶ 4 & Exs. C, D. Plaintiffs have circulated

14  subpoenas to the Plaintiffs' carriers for their call records. *See Id.* However, each communication

15  confirmed that the subpoenas have *not* been served and it remains unclear whether the subpoenas

16  were ever served and, if they were, whether any of the carriers ever responded. *See Id.*

17         The call records that Plaintiffs seek from the Third Parties can be obtained from Plaintiffs'

18  own carriers and, pursuant to their Federal Rule of Civil Procedure 11 duty to engage in "an inquiry

19  reasonable under the circumstances" that "the factual contentions have evidentiary support," these

20  records should have been collected and reviewed prior to filing the Complaint and FAC. Instead,

21  Plaintiffs improperly seek to burden Biscayne Marketing, Inc. to collect and produce this

22  information along with a broad array of other documents and ESI. *See* Pierce Declaration ¶ 2 & Ex.

23  A. McClatchy's Motion should be granted and the Subpoena to Biscayne Marketing, Inc. quashed

24  because Plaintiffs have failed to obtain the requested documents from Plaintiffs' carriers prior to

25  seeking documents and ESI from Biscayne Marketing, Inc. *See Genus Lifesciences*, 2019 WL

26  7313047, at *7, citing *Ow*, 2018 WL 6267839, at *1.

27  ///

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-8756-5116.1                                          4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

**V.    JCK LEGACY COMPANY IS NOT A PARTY TO THE ACTION AND MCCLATCHY HAS NO SUCCESSOR LIABILITY FOR THE ALLEGED UNLAWFUL ACTS OF JCK LEGACY COMPANY.**

Plaintiffs' Subpoenas to the Third Parties seek extensive information about JCK Legacy Company even though it is not a party to this Action and its actions are not relevant to the FAC, and McClatchy has no successor liability for any allegedly unlawful acts of JCK Legacy Company. See RJN Ex. 1. Otherwise, McClatchy and JCK Legacy Company are not the same entity, as required by 47 U.S.C. § 227(c)(5).

As explained to Plaintiffs on June 15, 2022, on February 13, 2020 JCK Legacy Company filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court, Southern District of New York, Case No. 20-10418 (MEW). *See* Pierce Decl. ¶ 5; *see also* Request for Judicial Notice in Support of Defendant The McClatchy Company, LLC's Motion to Quash Subpoena to Biscayne Marketing, Inc. ("RJN") Ex. 1. In July 2020, JCK Legacy Company's assets were sold to SIJ, LLC through an Asset Purchase Agreement pursuant to a bankruptcy court order titled "Order (I) Approving the Sale of the Acquired Assets Free and Clear of Claims, Liens, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief," with a "Closing Date" of September 4, 2020. *Id.* Sections 1.3 and 1.4 set forth the "Assumed Liabilities" and "Excluded Liabilities", and include "all Actions pending on or before the Closing Date against the Sellers or to the extent against or giving rise to liabilities or obligations of the Business, based on acts or omissions prior to the Closing Date even if instituted after the Closing Date." *See Id.*

On August 7, 2020, the Court issued an Order (I) Approving the Sale of the Acquired Assets Free and Clear of Claims, Liens, Interests and Encumbrances; (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (III) Granting Related Relief (Dkt. No. 744). *See Id.* On or about September 10, 2020, SIJ, LLC changed its name to "The McClatchy Company, LLC" (as reflected in the California Secretary of State's public records) and this entity is the sole Defendant in this Action. *See* RJN, Ex. 2.

**VI.    ARGUMENT**

This Motion is brought on the grounds that Plaintiffs are seeking McClatchy's confidential

business records and ESI from Biscayne Marketing, Inc. and they have not given Biscayne Marketing, Inc. sufficient time to respond to the Subpoena, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(i), and the Subpoena subjects Biscayne Marketing, Inc. to undue burden under Rule 45(d)(3)(A)(iv), pursuing information that far exceeds Plaintiffs' rights to discovery under Rule 26(b)(1). Given that much of the information sought is readily available to Plaintiffs through other sources and, otherwise, that much of it would be largely irrelevant, the Subpoena is the epitome of presenting an undue burden.

## A.   Defendant McClatchy's Motion to Quash Relates Back to the Date of the Original Filing.

Rule 15 of the Federal Rules of Civil Procedure states that "An amendment to a pleading relates back to the date of the original pleading when…the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). It is possible for the relation back doctrine to apply to a subsequently filed motion as long as the original motion was timely filed. *Coral & Stones Unlimited Corp. v. Abraham*, No. 18-23658-Civ-Scola, 2019 U.S. Dist. LEXIS 29837, at *8-9 (S.D. Fla. Feb. 26, 2019). In addition, "substance may prevail over form in certain instances, and a motion may be deemed a 'pleading' under the 'relation back' doctrine, provided it 'satisfie[s] the Rule 8 pleading requirements for a complaint.'" *Id*. at *8.

Here, Defendant McClatchy's Motion to Quash Subpoenas was timely filed on October 26, 2022 before the Easter District of California, United States District Court. In addition, Defendant McClatchy's original Motion set forth several pages of specific facts identifying why Plaintiffs' subpoenas should be quashed. Therefore, Defendant McClatchy's Motion to Quash Plaintiffs' Subpoena to Biscayne Marketing, Inc. relates back to the date of the first Motion.

## B.   Information Sought By The Subpoena Can Be Obtained From Plaintiffs' Carriers.

At issue in this Action, in part, is whether or not Plaintiffs' received telephone solicitation calls from McClatchy, as alleged. *See* FAC ¶¶ 50-116. Even so, Plaintiffs have apparently failed to collect call records from their own carriers. *See* Pierce Decl. ¶ 4 & Exs. C, D. Before seeking this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-8756-5116.1                                                          6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

1   same information from Biscayne Marketing, Inc., Plaintiffs should be required to collect it from

2   their own carriers and review the information collected to narrowly identify what additional,

3   relevant information they believe they need from Biscayne Marketing, Inc., if any. *See Genus*

4   *Lifesciences*, 2019 WL 7313047, at *7, citing *Ow*, 2018 WL 6267839, at *1. This is required by

5   Rule 45(d).

6   **C.**   **Even Though JCK Legacy Company Is Not A Party, Information About It Can**
        **Be Obtained From JCK Legacy Company's Bankruptcy Case.**

7

8   Any information that Plaintiffs want about JCK Legacy Company can be first sought through

9   the publicly available records in the JCK Legacy Company Bankruptcy case. *See* RJN Ex. 1. Before

10  seeking this same information from Biscayne Marketing, Inc., Plaintiffs should be required to collect

11  the publicly available records and review the information collected to narrowly identify what

12  additional, relevant information they believe they need from Biscayne Marketing, Inc. This is

13  required by Rule 45(d).

14  **D.**   **The Subpoena To Biscayne Marketing, Inc. is Impermissibly Overbroad.**

15  Plaintiffs seek a broad swath of documents and ESI from Biscayne Marketing, Inc. that has

16  no bearing on the FAC. First, the Requests in the Subpoena are for the most part not limited in

17  temporal scope. Second, the Requests in the Subpoena seek a broad swath of information about JCK

18  Legacy Company even though it is not a Party to the Action and, relevant information about JCK

19  Legacy Company, as explained, *supra*, can be obtained by Plaintiffs directly from the publicly

20  available records in the JCK Legacy Company Bankruptcy case. Even then, McClatchy has already

21  provided Plaintiffs with a sample of certain documents sought (*e.g.*, the "Do-Not-Call Compliance

22  Amendment" effective January 1, 2016 and Biscayne Marketing Do Not Call Policy and Procedure.

23  *See* Pierce Decl. ¶ 6. Much of what is sought about JCK Legacy Company would appear to have no

24  connection whatsoever to this Action. *See* Amy Pierce Declaration ¶ 2 & Ex. A, Request No. 4 ("All

25  internal communications, including emails and text messages concerning … JCK Legacy

26  Company[.]").

27  Third, the Ninth Circuit recently confirmed that where liability and damages would be

28  "excessively difficult" to prove the claims is not suitable for class resolution. *Bowerman*, 39 F.4th

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-8756-5116.1                                   7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

at 661-63. As explained in McClatchy's Motion to Dismiss (ECF 66), proving that each class member has Article III standing would be "excessively difficult," requiring an extensive analysis of each and every putative class member's relationship with McClatchy.[1]

Moreover, even though Plaintiffs purport to be seeking to protect the privacy of consumers, they are seeking from the Third-Parties information about consumers who are not parties to this Action and are not included in Plaintiffs definitions of the putative class members. *See* Amy Pierce Declaration ¶ 2 & Ex. A, Request No. 1 ("Any Internal Do Not Call List you provide or maintain for the Defendant, or provided or maintained for JCK Legacy Company, including the date that any individual's name or telephone number was added to that list. A response to this request should include all telephone numbers on the do not call list without limitation as to date[.]"). Such information should not be required until there is a class certified that would warrant the disclosure of this information to protect these consumers.

### E.    The Subpoena To Biscayne Marketing, Inc. Would Be Unduly Burdensome.

The overbreadth of the documents and information sought by the Subpoena makes it readily apparent that responding to the Subpoena would be burdensome, time-consuming and expensive for Biscayne Marketing, Inc. Remarkably, as noted, *supra*, most of the Requests are not limited in time or scope. *See* Amy Pierce Declaration ¶ 2 & Ex. A, Request Nos. 1, 2, 4, 5, 6, 7, 8. Many of these same Requests are not limited to information that is relevant to any Party's claim or defense, or likely to lead to this type of information. For example, Request No. 8 seeks "All internal communications, including emails and text messages, concerning Defendant and telemarketing conducted for Defendant." All internal communications, including emails and text messages, concerning McClatchy is self-evidently overbroad, ignoring that it is not limited in temporal scope. It is readily apparent that, as drafted, Plaintiffs' Subpoena to Biscayne Marketing, Inc. is contrary

---

[1] In its Motion, McClatchy explains that the evidence that Plaintiffs claim would establish McClatchy's liability will not serve that purpose. As explained by Ms. Ravera in her declaration in support of McClatchy's Motion, McClatchy's and the Third Parties' business records (the "Business Records") would not identify Plaintiffs as class members because no calls were placed to their phone numbers after they were placed on McClatchy's internal do-not-call list. Second, a subscriber could request not to be called by McClatchy and, thereafter, resubscribe, providing the requisite consent to be called notwithstanding their earlier request not to be called by McClatchy. Third, the TCPA regulates telephone solicitations and telemarketing calls, and the call records do not provide information about the nature of the call. Finally, *Bowerman* teaches that Plaintiffs' and the class claims must be provable with "common evidence." ECF 74, Section II.3.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to the limits on discovery set forth in Rule 45(d) insofar as its overbreadth seeks "impos[e] undue

2  burden or expense" on Biscayne Marketing, Inc.

3       **F.**    **The Subpoena To Biscayne Marketing, Inc. is Premature.**

4       As explained, *supra*, Plaintiffs understand that engaging in burdensome, time consuming,

5  and expensive discovery at this juncture is not required, as evidenced by their stipulation to extend

6  the due date for McClatchy's responses to discovery until 30 days after the Court rules on

7  McClatchy's Motion to Dismiss and Motion to Strike. *See* Pierce Decl. ¶ 3 & Ex. B. This is true

8  because the Court could grant McClatchy's Motions without leave to amend or require Plaintiffs'

9  to amend the FAC to, for example, strike the class allegations.

10       Even so, McClatchy's Ms. Ravera provided Plaintiffs with a summary of McClatchy's

11  investigation into the material allegations in Plaintiffs' Complaint and FAC in her declaration

12  supporting McClatchy's Motion to Dismiss. (ECF 66). Ultimately, much of the information

13  Plaintiffs seek from the Third Partis should not be required to be collected and produced until a class

14  has been certified, if one can be certified as a result of the *Bowerman* decision. *See* 39 F.4th at 661-

15  63. At that juncture, subpoenas with appropriate temporal limits and scope can be pursued by

16  Plaintiffs, as contemplated by Rules 26 and 45. McClatchy's Motion should be granted and the

17  Subpoena to Biscayne Marketing, Inc. quashed because Plaintiffs have requested the same

18  documents and ESI from McClatchy but stipulated that McClatchy's responses are not due until

19  after the Court rules on its Motion to Dismiss. *See Genus Lifesciences*, 2019 WL 7313047, at *7,

20  citing *Ow*, 2018 WL 6267839, at *1.

21  **VII.**   **CONCLUSION**

22       For the foregoing reasons, McClatchy respectfully requests that the Court grant its Motion

23  and quash Plaintiffs' subpoena to Biscayne Marketing, Inc.

24       Pursuant to Local Rule 7.1(a)(3), I certify that our office has conferred with all parties who

25  may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised

26  in the motion, and have been unable to do so.

27  ///

28  ///

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

1 | DATED:  November 17, 2022

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:   */s/Vincent F. Alexander*
      VINCENT F. ALEXANDER
      Attorneys for Defendant,
      THE MCCLATCHY COMPANY, LLC



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.

**FEDERAL COURT PROOF OF SERVICE**
*Robert Kelly, et al. v. The McClatchy Company, LLC*
United States District Court, Southern District of Florida

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 2020 West El Camino Avenue, Suite 700, Sacramento, CA 95833. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On **November 17, 2022**, I served the following document(s): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**COUNSEL FOR PLAINTIFF**

Adrienne McEntee
Beth E. Terrell
Jennifer Rust Murray
Samuel J. Strauss
Marshall Law Group PLLC
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Email: amcentee@terrellmarshall.com
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com
Email: sam@turkestrauss.com

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Email: anthony@paronichlaw.com

Kristin Kemnitzer
Adam McNeile
Kemnitzer, Barron & Krieg
42 Miller Avenue
Mill Valley, California 94941-1904
Email: Kristin@kbklegal.com
Email: adam@kbklegal.com

The documents were served by the following means:

☒ **(BY OVERNIGHT DELIVERY)** Based on an agreement of the parties to accept service by overnight delivery, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on **November 17, 2022**, at Sacramento, California.

*/s/ Roxy A. Chipak*
Roxy A. Chipak

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4866-8756-5116.1                                                11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE MCCLATCHY
COMPANY, LLC'S MOTION TO QUASH SUBPOENA TO BISCAYNE MARKETING, INC.